UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | | |
|---|---|---|
| ELIZABETH S., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case # 1:21-cv-129-DB |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | MEMORANDUM DECISION |
| | § | AND ORDER |
| Defendant. | § | |

## INTRODUCTION

Plaintiff Elizabeth S. ("Plaintiff") brings this action pursuant to the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner"), that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act, and her application for supplemental security income ("SSI") under Title XVI of the Act. *See* ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c), and the parties consented to proceed before the undersigned in accordance with a standing order (*see* ECF No. 11).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* ECF Nos. 8, 9. Plaintiff also filed a reply brief. *See* ECF No. 10. For the reasons set forth below, Plaintiff's motion (ECF No. 8) is **GRANTED**, the Commissioner's motion (ECF No. 9) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings as set forth below.

## BACKGROUND

Plaintiff protectively filed her applications for DIB and SSI on February 9, 2018, alleging disability beginning September 6, 2017 (the disability onset date), due to: "(1) back injury; (2) anxiety; (3) depression; (4) arthritis; and (5) fibromyalgia." Transcript ("Tr.") 12, 220-216,

253. The claims were denied initially on May 23, 2018 (Tr. 104-09), after which Plaintiff requested a hearing (Tr. 110-22).

On February 11, 2020, Administrative Law Judge David J. Begley (the "ALJ") presided over a video hearing from Falls Church, Virginia. Tr. 12, Tr. 33-64. Plaintiff appeared and testified from Buffalo, New York, and was represented by Alexander Kyler, an attorney. *Id*. Ronald Malik, an impartial vocational expert ("VE"), also appeared and testified via telephone. *Id*.

The ALJ issued an unfavorable decision on March 20, 2020, finding that Plaintiff was not disabled. Tr. 12-24. On December 1, 2020, the Appeals Council denied Plaintiff's request for further review. Tr. 1-6. The ALJ's March 20, 2020 decision thus became the "final decision" of the Commissioner subject to judicial review under 42 U.S.C. § 405(g).

## LEGAL STANDARD

### I.    District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

## II.     The Sequential Evaluation Process

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirements, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id*. § 404.1509. If not, the ALJ determines the claimant's residual functional capacity, which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id*. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id*. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 404.1520(g). To do so, the

Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

The ALJ analyzed Plaintiff's claim for benefits under the process described above and made the following findings in his March 20, 2020 decision:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2022.

2. The claimant has not engaged in substantial gainful activity since September 6, 2017, the alleged onset date (20 CFR 404.1571 et seq., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: degenerative disc disease status post surgery, depression, and anxiety (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) [1] except the claimant cannot climb ladders, ropes, and scaffolds; can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl; must avoid concentrated exposure to extreme heat and cold, to humidity and wetness, to slippery and uneven surfaces, to hazardous machinery, unprotected heights, and open flames; and can do simple, routine, repetitive tasks in a work environment free of fast paced production requirements involving only simple, work-related decisions with few, if any workplace changes.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

7. The claimant was born on September 11, 1981 and was 36 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 6, 2017, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

Tr. 12-24.

Accordingly, the ALJ determined that, based on the application for a period of disability and disability insurance benefits protectively filed on February 9, 2018, the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act. Tr. 25. The ALJ also determined that based on the application for supplemental security benefits protectively filed on February 9, 2018, the claimant is not disabled under section 1614(a)(3)(A) of the Act. *Id*.

## **ANALYSIS**

Plaintiff asserts a single point of error. Plaintiff argues that the ALJ failed to properly evaluate the medical opinion evidence in accordance with the regulations, and therefore, his assessment of the medical opinions was not substantially supported. *See* ECF No. 8-1 at 11-17. Plaintiff asserts that, in assessing the medical opinions, the ALJ discussed the consistency factor but did not clearly indicate the level of overall persuasiveness of the opinions assessed, and his assessment regarding supportability was based on a mischaracterization of the evidence. *See id*. Plaintiff also argues that the ALJ improperly relied on stale opinion evidence from consultative

5

examiner Hongbiao Liu, M.D. ("Dr. Liu"), because Dr. Liu issued his opinion months before Plaintiff's anterior posterior reconstruction back surgery in January 2019. *See id.* at 14-15.

A Commissioner's determination that a claimant is not disabled will be set aside when the factual findings are not supported by "substantial evidence." 42 U.S.C. § 405(g); *see also Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. The Court may also set aside the Commissioner's decision when it is based upon legal error. *Rosa*, 168 F.3d at 77.

Upon review of the record and the ALJ's decision, the Court finds that the ALJ failed to clearly explain how he considered the supportability and consistency factors, as required under the "articulation requirements" of the new regulations. Effective for claims filed on or after March 27, 2017, the Social Security agency comprehensively revised its regulations governing medical opinion evidence creating a new regulatory framework. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15, 132-01 (March 27, 2017). Here, Plaintiff filed her application on February 9, 2018, and therefore, the 2017 regulations are applicable to her claim.

First, the new regulations change how ALJs consider medical opinions and prior administrative findings.  The new regulations no longer use the term "treating source" and no longer make medical opinions from treating sources eligible for controlling weight. Rather, the new regulations instruct that, for claims filed on or after March 27, 2017, an ALJ cannot "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 416.920c(a) (2017). Thus, the new regulations "eliminate the perceived

hierarchy of medical sources, deference to specific medical opinions, and assigning 'weight' to a medical opinion." *Id*.

Second, instead of assigning weight to medical opinions, as was required under the prior regulations, under the new rubric, the ALJ considers the persuasiveness of a medical opinion (or a prior administrative medical finding). *Id*. The source of the opinion is not the most important factor in evaluating its persuasive value. 20 C.F.R. § 416.920c(b)(2). Rather, the most important factors are supportability and consistency. *Id*.

Third, not only do the new regulations alter the definition of a medical opinion and the way medical opinions are considered, but they also alter the way the ALJ discusses them in the text of the decision. 20 C.F.R. § 416.920c(b)(2). After considering the relevant factors, the ALJ is not required to explain how he or she considered each factor. *Id*. Instead, when articulating his or her finding about whether an opinion is persuasive, the ALJ need only explain how he or she considered the "most important factors" of supportability and consistency. *Id*. Further, where a medical source provides multiple medical opinions, the ALJ need not address every medical opinion from the same source; rather, the ALJ need only provide a "single analysis." *Id*.

Fourth, the regulations governing claims filed on or after March 27, 2017 deem decisions by other governmental agencies and nongovernmental entities, disability examiner findings, and statements on issues reserved to the Commissioner (such as statements that a claimant is or is not disabled) as evidence that "is inherently neither valuable nor persuasive to the issue of whether [a claimant is] disabled." 20 C.F.R. § 416.920b(c)(1)-(3) (2017). The regulations also make clear that, for claims filed on or after March 27, 2017, "we will not provide any analysis about how we considered such evidence in our determination or decision" 20 C.F.R. § 416.920b(c).

Finally, Congress granted the Commissioner exceptionally broad rulemaking authority under the Act to promulgate rules and regulations "necessary or appropriate to carry out" the relevant statutory provisions and "to regulate and provide for the nature and extent of the proofs and evidence" required to establish the right to benefits under the Act. 42 U.S.C. § 405(a); *see also* 42 U.S.C. § 1383(d)(1) (making the provisions of 42 U.S.C. § 405(a) applicable to title XVI); 42 U.S.C. § 902(a)(5) ("The Commissioner may prescribe such rules and regulations as the Commissioner determines necessary or appropriate to carry out the functions of the Administration."); *Barnhart v. Walton*, 535 U.S. 212. 217-25 (2002) (deferring to the Commissioner's "considerable authority" to interpret the Act); *Heckler v. Campbell*, 461 U.S. 458, 466 (1983). Judicial review of regulations promulgated pursuant to 42 U.S.C. § 405(a) is narrow and limited to determining whether they are arbitrary, capricious, or in excess of the Commissioner's authority. *Brown v. Yuckert*, 482 U.S. 137, 145 (1987) (citing *Heckler v. Campbell*, 461 U.S. at 466).

At the most basic, the amended regulations require that the ALJ explain his findings regarding the supportability and consistency for each of the medical opinions, "pointing to specific evidence in the record supporting those findings." *Jacqueline L. v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 2, 11 (W.D.N.Y. 2021). "An ALJ is specifically required to 'explain how [he or she] considered the supportability and consistency factors' for a medical opinion." *Raymond M. v. Comm'r of Soc. Sec.*, No. 5:19-CV-1313 (ATB), 2021 WL 706645, at *4–5 (N.D.N.Y. Feb. 22, 2021) (quoting 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2)). The ALJ here failed to meet this requirement.

In this case, the ALJ failed to provide a clear discussion of the opinion evidence, and while he stated whether he found an opinion consistent or not consistent with the medical evidence, his

discussion of the supportability factor was lacking or unclear. *See* 20 C.F.R. §§ 404.1520c(c)(1),

416.920c(c)(1) (The "supportability" factor asks how well a medical source supported his or her

opinion with "objective medical evidence" and "supporting explanations."). The ALJ here failed

to provide such supporting explanations. *See Acosta Cuevas v. Comm'r of Soc. Sec.*, No.

20CV0502AJNKHP, 2021 WL 363682, at *14 (S.D.N.Y. Jan. 29, 2021) ("Nowhere in the ALJ's

decision does she explain, as the new regulations require, what the respective CEs used to support

their opinions and reach their ultimate conclusions."). As such, the Court is unable to determine

whether the ALJ's analysis of the medical opinion evidence was supported by substantial evidence.

The Court also finds merit to Plaintiff's argument that the ALJ's assessment of the

consistency factor was based on stale opinion evidence. The ALJ found Dr. Liu's May 2018

opinion consistent with the evidence, even though Dr. Liu's opinion was rendered prior to

Plaintiff's two-part fusion surgery in January 2019 and subsequent ongoing reported limitations

with pain and healing. The record reflects that Plaintiff underwent the first stage of an L5-S1

anterior lumbar discectomy and fusion and L4-5 lateral discectomy and fusion on January 23,

2019, and a posterior fusion of multiple levels with instrumentation on January 30, 2019. Tr. 808-

813, 1065-1069, 1078-1088, 1096-1099.

"A stale medical opinion, like one that is rendered before a surgery, is not substantial

evidence to support an ALJ's finding." *Pagano v. Comm'r of Soc. Sec.*, No. 16-CV-6537-FPG,

2017 WL 4276653, at *5 (W.D.N.Y. Sept. 27, 2017) (citing *Camille v. Colvin*, 104 F. Supp. 3d

329, 343-44 (W.D.N.Y. 2015), *aff'd*, 652 Fed. Appx. 25 (2d Cir. 2016) (citation omitted); *see also*

*Girolamo v. Colvin*, No. 13-CV-06309 (MAT), 2014 WL 2207993, at *7-8 (W.D.N.Y. May 28,

2014) (ALJ should not have afforded great weight to medical opinions rendered before plaintiff's

second surgery); *Jones v. Comm'r of Soc. Sec.*, No. 10 CV 5831(RJD), 2012 WL 3637450, at *2

(E.D.N.Y. Aug. 22, 2012) (ALJ should not have relied on a medical opinion in part because it "was 1.5 years stale" as of the plaintiff's hearing date and "did not account for her deteriorating condition").

Here, the record does not clearly indicate the extent to which Plaintiff experienced significant improvement after her surgeries, given treatment records indicating ongoing low back pain, recurrent leg pain, and the need for pain medications, therapy, and a bone stimulator. Tr. 848, 1233, 1499.

Based on the foregoing, the Court remands this case so that the ALJ may address the deficiencies noted above. On remand, the ALJ should obtain a new consultative physical examination and/or obtain a functional capacity evaluation.

## <u>CONCLUSION</u>

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is **GRANTED**, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 9) is **DENIED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED**.

DON D. BUSH
UNITED STATES MAGISTRATE JUDGE